UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACOH FLUID CONTROLS, INC.,<br>  Plaintiff,<br>v.<br>SYRINIX, INC.,<br>  Defendant. | Case No. 17-cv-04007 NC<br><br>**ORDER GRANTING MOTION TO STAY PENDING *INTER PARTES* REVIEW; ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 34, 35 |

Defendant Syrinix, Inc. filed a motion to stay this case pending *inter partes* review (IPR) of the asserted patents. Plaintiff Blacoh Fluid Controls, Inc. opposes the motion. For the reasons stated below, the Court GRANTS the motion, and ORDERS that this case be STAYED.

**I.   RELEVANT FACTS**

This patent infringement action was filed on July 17, 2017. Dkt. No. 1. Blacoh alleges that Syrinix infringes upon two of its patents, U.S. Patent. Nos. 7,219,553 and 7,357,034. *Id.* The parties had an initial case management conference before the Court on October 18, 2017. Dkt. No. 25. At the case management conference, Syrinix discussed with the Court its intention to file IPRs of the patents, and that it anticipated doing so by December. The Court expressed its intention to file a schedule in the case, and that it would consider the motion to stay when it was filed. In its minute order after the conference, the Court stated: "IPR to be filed by this December, and defendant will move

1  for a stay of the proceedings[.]" *Id.*

2  Syrinix filed its motion to stay this case pending *inter partes* review on January 24, 2018. Dkt. No. 35. Blacoh opposes the motion. Dkt. No. 36.

4  Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 12, 21.

## II. LEGAL STANDARD

A district court has inherent power to manage its own docket and stay proceedings, "including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). A court is under no obligation to stay proceedings pending parallel litigation in the PTAB. *See Aylus Networks, Inc. v. Apple, Inc.*, No. 13-cv-04700 EMC, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014). The factors that courts in this district consider when determining whether to stay litigation are: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014).

## III. DISCUSSION

The Court considers each of the *PersonalWeb* factors in turn.[1]

---

[1] Before turning to the motion to stay, the Court addresses Syrinix's motion to seal portions of its motion and the declaration of Syrinix CEO, James Dunning. Dkt. No. 34. The motion to stay is a non-dispositive motion. *OpenTV, Inc. v. Apple, Inc.*, No. 14-cv-01622 HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015). There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The policy of public access "do[es] not apply with equal force to nondispositive materials." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to file a motion to seal in connection with a nondispositive motion must show only "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at 598. A party must "narrowly tailor" its request to sealable material only. Civil L. R. 79-5(b). Here, the Court finds Syrinix satisfies the good cause standard as dissemination of the financial information sought to be sealed may harm Syrinix's competitive standing, and the request to seal is narrowly tailored. Thus, Syrinix's motion to seal is GRANTED.

Case No. 17-cv-04007 NC       2

### A. Stage of the Litigation

Syrinix argues that this case is "in its infancy and a stay would save the parties and the Court significant time and expense associated with continued litigation[.]" Dkt. No. 35-1 at 9. According to the schedule the Court set, at the time the motion to stay was filed, the parties had just exchanged preliminary claim construction and extrinsic evidence. Dkt. No. 33 at 1. Fact discovery does not close until August 31, 2018. *Id.* at 2. Thus, discovery is not yet complete, though a trial date has been set. Blacoh makes much of the Court's setting a schedule and trial date. Indeed, Blacoh purports to read the Court's mind and attribute to its actions some motive. Dkt. No. 36 at 8 ("Weighing against a stay is the fact that the Court set a trial date before the Motion to Stay was filed because Syrinix failed to abide by the timeline it represented."). The Court's own efficient setting of trial dates does not reflect a negative judgment of Syrinix's timing in filing the IPRs. This factor is neutral in the Court's decision on this motion.

### B. Simplification of Issues

Syrinix argues that granting its motion to stay would simplify the issues to be litigated in this case. Dkt. No. 35-1 at 11. Syrinix relies on the fact that the Patent Trial and Appeal Board (PTAB) institutes IPR proceedings for 68% of the applications it receives. *Id.* Thus, per Syrinix, it is "highly likely" that the PTAB will institute IPRs of the asserted patents. *Id.* Furthermore, "if the PTAB finds all of the asserted claims unpatentable, the case will become moot, which epitomizes simplification." *Id.* at 12. Lastly, in the event that IPRs are instituted, and some of the asserted claims are not found unpatentable, Syrinix would be estopped from presenting before the Court arguments is raised or could have raised before the PTAB. *Id.* There would thus be no duplication of legal arguments.

On the other hand, Blacoh submits that many courts in this district have denied motions to stay where the PTAB has not yet decided whether or not to institute an IPR. Dkt. No. 36 at 10 (collecting cases). Other courts opt to postpone ruling on the motion to stay until the IPR is instituted. *Id.* (citing *Infogation Corp. v. ZTE Corp.*, No. 16-cv-01901

Case No. 17-cv-04007 NC 3

H-JLB, 2017 WL 2123625, at *2 (S.D. Cal. May 16, 2017)). The Court agrees with Blacoh that at this point it is unknown whether the PTAB will institute IPRs of the asserted patents. At the very least, staying the case would cause inaction in this case for well over four months until the PTAB decides whether to institute the IPRs.

Yet the Court's concerns are assuaged by Syrinix's proposed stipulation that if the Court grants the stay, Syrinix will waive any argument regarding prior art under 35 U.S.C. §§ 102 or 103—regardless of whether or not the IPR proceedings are instituted. Dkt. No. 37 at 7 ("Syrinix is willing to stipulate that if a Motion to Stay is granted here, it will waive any prior art argument under 35 U.S.C. §§ 102 and 103 that it would have been estopped from asserting if and when the Board issues a Final Decision on the merits."). The Court finds this proposition persuasive, particularly given Syrinix's representations regarding the heavy monetary burden that instituting the IPRs and defending a lawsuit in district court at the same time will impose on it as a small company. *See* Dkt. No. 35-1 at 17 (contents under seal). As a result, even though the IPRs would cause a delay in the proceedings, granting the stay pending the PTAB's decision of whether or not to institute the IPRs would simplify the issues in the case. Syrinix's proposed stipulation would likely save considerable judicial resources. This factor weighs in favor of granting the stay. However, as Syrinix proposed, its arguments under §§ 102 and 103 are waived before this Court.

### C. Undue Prejudice and Tactical Disadvantage

Syrinix argues that Blacoh will suffer no undue prejudice or tactical disadvantage as a result of the Court granting a stay because (1) Blacoh did not file for a preliminary injunction, (2) Blacoh could have brought this patent infringement suit years ago as it owned the asserted patents since early 2016, and (3) Syrinix filed the IPR petitions promptly after this case was filed. Dkt. No. 35-1 at 14-17. Blacoh argues that it is prejudiced because it is Syrinix's direct competitor, and that undue delay will result because the PTAB has not yet decided whether to institute the IPRs. Dkt. No. 36 at 12. Moreover, there are contradictory allegations as to when Blacoh acquired the rights to the

Case No. 17-cv-04007 NC 4

patents. As a result, the Court does not take this fact into consideration. Dkt. No. 36-2 at 2 (declaring that Blacoh purchased the asserted patents on June 16, 2017). In any event, the timing of the transfer of rights does not weigh heavily in either party's favor.

The Court finds slightly persuasive Blacoh's argument regarding delay, because the PTAB has not decided whether to institute the IPRs. *GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-cv-03590 JST, 2017 WL 2591268, at *5 (N.D. Cal. June 15, 2017) (finding a stay prejudicial where the PTAB has not yet decided whether or not to institute an IPR). However, as noted above, a finding of prejudice is mitigated because Syrinix stipulated that it will waive its prior art arguments before this Court, regardless of whether or not the IPRs are instituted. Furthermore, while the Court agrees that Blacoh and Syrinix are direct competitors and that Syrinix *could* harm Blacoh's competitive standing, Blacoh is far too vague regarding this alleged harm. Dkt. Nos. 36 at 12, 36-2 at 2 (Duncan Decl.) ("Blacoh is damaged to the extent Syrinix uses infringing sales to develop customer relationships and reputation in the industry in competition with Blacoh. The impact of such damage is difficult to quantify and will be increased in the event that litigation is prolonged by a stay."). At least one other court in this district has found that this level of vagueness is unpersuasive as to prejudice. *GoPro, Inc.*, 2017 WL 2591268, at *6 ("there is no evidence that customers have in fact purchased allegedly infringing C&A/Polaroid products when they would otherwise have purchased GoPro products, or that GoPro has lost any market share to C&A. In other words, there is no competitive injury." (internal citations, formatting, and quotation marks omitted)). Also, the fact that Blacoh failed to request a preliminary injunction weighs against its argument of undue prejudice. *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441 JST, 2015 WL 66415, at *5 (N.D. Cal. Jan. 5, 2015) (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (finding that failure to request a preliminary injunction weighed against finding undue prejudice caused by a stay)). This factor weighs in favor of granting the stay.

Because the first factor is neutral, and the second and third factors weigh in favor of

Case No. 17-cv-04007 NC          5

granting the stay, the Court finds it appropriate to grant Syrinix's motion to stay this action pending *inter partes* review of the asserted patents.

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS that this case is stayed pending (1) the denial of institution of the IPRs, or (2) the completion of the IPRs, assuming any of the claims in the asserted patents survive the IPRs. If neither patent survives, the case will be moot. Syrinix is ORDERED to file with the Court a stipulation of its proposal to waive its 35 U.S.C. §§ 102 and 103 prior art arguments by February 28, 2018.

If the IPR is not instituted as to either of the patents, the Court ORDERS that the parties file with the Court a notice of this event within 5 business days of receiving notice. The Court will at that time reopen the case and set a new case schedule. The schedule set in this case currently is VACATED, as is the case management conference currently set for February 28, 2018.

Lastly, the parties are ORDERED to file a joint case management update on June 1, 2018, and every six months thereafter, until the Court orders otherwise.

**IT IS SO ORDERED.**

Dated: February 21, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge